UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROYAL HITESHAW,

           Petitioner,

vs.                                    Case No. 2:06-cv-586-FtM-99DNF

DEPARTMENT OF CHILDREN AND FAMILIES,

           Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the Respondent's Motion to Dismiss the Petition as moot (Doc. #28, Motion) incorporated within the Respondent's Response to the Court's January 13, 2011 Order. Petitioner has not filed a Reply and his time to do so has expired.[1] See docket. The Court also reviews Respondent's Notice to the Court of Petitioner's conditional release (Doc. #26, Notice) and attached exhibits (Doc. #26-1, Exhs 1-5) in support thereof. This matter is ripe for review.

I.

Petitioner, who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to

---

[1]Contrary to the Court's September 23, 2008 Order, Petitioner has failed to keep the Court apprised of his current mailing address. The Court's Order was returned as undeliverable. See Doc. entry Jan. 20, 2011.

28 U.S.C. § 2241 challenging his civil detention at the Florida Civil Commitment Center (hereinafter "FCCC"). <u>Inter alia</u>, Petitioner alleges violations of his due process rights stemming from his pending civil commitment trial and violations of his right to a speedy trial. As relief, Petitioner requests "release" from the FCCC. <u>Id.</u> at 3.

Respondent moves to dismiss this action as moot because Petitioner is no longer in custody at the FCCC awaiting his civil commitment proceedings. Motion at 1. Respondent states that on January 26, 2009, Petitioner was conditionally released from the FCCC. Exh. 1. Respondent submits a copy of the trial court's January 26, 2009 Order, accepting the Stipulation entered by the parties and holding Petitioner's commitment to a secure facility in abeyance. Exh. 2.

## II.

The Court agrees with Respondent that the instant Petition is moot. <u>See</u> <u>Marvel v. Sec'y Dep't of Children & Families</u>, Case No. 2:09-cv-759-FtM-29DNF, Case No. 2:09-cv-759-FtM-29DNF, 2010 WL 4704431 (M.D. Fla. Nov. 12, 2010)(dismissing civil commitment petition as moot based on petitioner's stipulated release from the Florida Civil Commitment Center). Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" or "controversies." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559 (1992). This limitation prohibits courts from considering moot

questions because such questions cannot present an active case or controversy, thus, the court lacks subject matter jurisdiction. U.S. Const. Art. III. <u>Coral Springs St. Sys., Inc. v. City of Sunrise</u>, 371 F.3d 1320, 1328 (11th Cir. 2004). Cases can be rendered moot due to a change in circumstances or a change in law. <u>Id.</u> at 1328. When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot. <u>Troiano v. Supervisor of Elections in Palm Beach County, Fla.</u>, 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." <u>Id.</u>

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review." <u>See</u> <u>De La Teja v. United States</u>, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003). Two conditions must be met for the exception to apply: 1) the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and 2) there must be a "reasonable expectation that the same complaining party would be subjected to the same action again." <u>Christian Coalition of Ala. v. Cole</u>, 355 F.3d 1288, 1293 (11th Cir. 2004)(emphasis added).

The Court finds that the circumstances before the Court do not fall within this narrow exception. Any claim that Petitioner's release will be revoked in the future would be purely speculative. Further, the § 2241 Petition challenged the duration of Petitioner's probable cause civil commitment as a result of the State's failure to hold Petitioner's civil commitment trial. As evidenced by the Respondent's Motion and Notice, the Seventeenth Circuit Court entered an order of commitment in January 2009, which the parties agreed to hold in abeyance subject to the Stipulation. As such, there is no case or controversy for judicial review, the Petition is now moot, and the Respondent's Motion is due to be granted. See, e.g., United States v. Dettelis, 372 Fed. Appx. 105, 106 (2d Cir. 2010)(finding defendant's claims regarding pretrial detention moot after being found guilty and placed on supervised release)(citing Murphy v. Hunt, 455 U.S. 478, 481-82 (1982)); Carlin v. State, 939 So. 2d 245, 246-47 (1st DCA Oct. 16, 2006)(dismissing offender's appeal of civil commitment as moot based on the parties' stipulation and offender's conditional release).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondent's Motion to Dismiss the Petition (Doc. #28) is **GRANTED**. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice** as moot.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of January, 2011.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JOHN E. STEELE
　　　　　　　　　　　　　　　　　　United States District Judge

SA: alj
Copies: All Parties of Record